Catherine Valerio Barrad (SBN 168897)
cbarrad@sidley.com
Christine Kim Son (SBN 223190)
cson@sidley.com
J. P. Pecht (SBN 233708)
jpecht@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys For Defendant
Bayer Corporation

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE DIANE COLLINS, as surviving statutory beneficiary for the wrongful death of FLOYD COLLINS, | Case No. 3:08-cv-01655 SI |
| | Assigned to: Honorable Susan Illston |
| Plaintiff, | |
| v. | **DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PURSUANT TO LOCAL RULE 7-11** |
| BAYER CORPORATION, a Pennsylvania corporation, aka, BAYER HEALTHCARE and BAYER AG; and MCKESSON CORPORATION, a Delaware corporation; JOHN DOES 1-100 and ABC CORPORATIONS 1-100, | STIPULATION PURSUANT TO LOCAL RULE 7-12 FILED CONCURRENTLY |
| Defendants. | STIPULATED [PROPOSED] ORDER LODGED CONCURRENTLY |

1    Defendant Bayer Corporation moves for administrative relief to stay proceedings

2    until the Judicial Panel on Multidistrict Litigation transfers this and other Trasylol® cases for

3    consolidated and coordinated pretrial proceedings to *In re Trasylol Products Liability Litigation*,

4    MDL No. 1928. Plaintiff's counsel has advised that he will not move to remand this action to

5    state court and, further, has stipulated to this stay.

6    **BACKGROUND**

7    This case is one of more than 30 personal injury and wrongful death actions

8    involving the prescription pharmaceutical Trasylol® that are currently pending in federal district

9    courts around the country.[1] On December 26, 2007, defendant moved to transfer all pending

10    federal Trasylol® lawsuits to a single district pursuant to 28 U.S.C. § 1407 for consolidated and

11    coordinated pretrial proceedings. The motion is fully briefed, and oral argument on the motion

12    was heard at the March 27, 2008 hearing of the Judicial Panel on Multidistrict Litigation (the

13    "Panel"). On April 7, 2008, the Panel ordered the transfer of product liability actions involving

14    Trasylol to MDL No. 1928. A copy of the Transfer Order is attached as Exhibit A.

15    **ARGUMENT**

16    Proceedings in this action should be stayed pending the Panel's transfer of this

17    case to the Trasylol® MDL in the interests of judicial economy and fairness to the parties. *See*

18    *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have

19    concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to

20    transfer and consolidate is pending with the MDL Panel"); *see also Mathern* v. *Wyeth*, No. Civ.

21    A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004) (same); *Aikins* v. *Microsoft

22    Corp.*, No. Civ. A. 00-0242, 2000 WL 310391 (E.D. La. Mar. 24, 2000) (same); *Republic of

23    Venez.* v. *Philip Morris Cos., Inc.*, No. 99-0586, 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28,

24    1999) (same); *Good* v. *Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)

25

26

27    [1]  Additional Trasylol® cases are pending in state courts in Connecticut, New Jersey, Oklahoma, and Pennsylvania.

28
1
**DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 3:08-cv-01655 SI**

1    (same); *Manual for Complex Litigation (Fourth)* § 22.35 (2005) ("a stay pending the Panel's

2    decision can increase efficiency and consistency").

3          A stay would promote the just and efficient administration of the litigation and

4    would avoid the risk of undue prejudice to defendant, without harm to plaintiff's position.  Stays

5    were recently granted in *De Leon* v. *Bayer Pharmaceutical Corp.*, No. 4:07-cv-06206 CW (N.D.

6    Cal. Mar. 21, 2008) (Docket Entry No. 18), *Minard* v. *Bayer Corp.*, No. 4:08-cv-00739 CW

7    (N.D. Cal. Mar. 21, 2008) (Docket Entry No. 12), and *Nitzberg* v. *Bayer Corp.*, No. 4:07-cv-

8    04399 CW (N.D. Cal. Mar. 10, 2008) (Docket Entry No. 46).

9    **I.    A STAY WOULD PROMOTE THE JUST AND EFFICIENT**

10   **      ADMINISTRATION OF THE LITIGATION.**

11         Staying proceedings in this case would facilitate the uniform resolution of pretrial

12   issues common to all federal cases in the Trasylol® litigation.  The fundamental purpose of an

13   MDL is to ensure that issues common to related cases are addressed expeditiously and

14   consistently.  28 U.S.C. § 1407; *see also In re Meridia Prods. Liab. Litig.*, 217 F. Supp. 2d 1377,

15   1378 (J.P.M.L. 2002); *In re Dow Chem. Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189

16   (J.P.M.L. 1986).  Invariably when related cases are pending in numerous districts, different

17   judges will be asked to address similar pretrial matters and to resolve similar pretrial motions.

18   *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349 (J.P.M.L. 2006).  This creates

19   risks of unnecessary duplication of effort and inconsistent rulings.  *Id.*; *cf. I.A. Durbin, Inc.* v.

20   *Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (noting that trial courts have

21   broad discretion "in determining whether to stay . . . litigation in order to avoid duplicating a

22   proceeding already pending in another federal court").

23         There are now more than 30 Trasylol® cases pending in federal courts across the

24   country.  Pretrial discovery in the various actions will likely focus on similar documents and

25   personnel.  The most reasonable course in this situation is to stay proceedings in this and other

26   individual cases until the actions can be consolidated in an MDL, at which time the transferee

27

28

**DEFENDANT'S  MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 3:08-cv-01655 SI**

1    judge can address these matters collectively.[2]  *See Namovicz* v. *Cooper Tire & Rubber Co.*, 225

2    F. Supp. 2d 582, 585 (D. Md. 2001) (staying case pending MDL transfer to ensure consistent

3    treatment of multiple cases); *Weinke* v. *Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis.

4    2000) (same); *Aetna U.S. Healthcare, Inc.* v. *Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43

5    (D.D.C. 1999) (same).

6                    A stay also would avoid wasting this Court's resources.  After this case is

7    transferred to an MDL, the transferee judge will have full discretion to reconsider or reject prior

8    decisions in this case.  *In re Office Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 65 (D.D.C. 2003);

9    *see also Astarte Shipping Co.* v. *Allied Steel & Export Serv.*, 767 F.2d 86, 87 (5th Cir. 1985)

10   ("The transferee district court has the power and the obligation to modify or rescind any orders in

11   effect in the transferred case which it concludes are incorrect.").  There is no need for this Court

12   to expend resources on this case, at least during the brief period until the MDL motion is

13   decided.  *See U.S. Bank* v. *Royal Indem. Co.*, No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069,

14   at *2 (N.D. Tex. Sept. 23, 2002) (granting motion to stay and noting that, "[i]f the MDL motion

15

16   _____

17   [2]    Defendants are filing similar motions to stay in the other pending federal Trasylol® cases,
      and stays pending transfer to multidistrict litigation already have been granted in 16 cases:  *De
18   Leon* v. *Bayer Pharmaceutical Corp.*, No. 4:07-cv-06206 (N.D. Cal. Mar. 21, 2008) (Docket
      Entry No. 18); *Minard* v. *Bayer Corp.*, No. 4:08-cv-00739 (N.D. Cal. Mar. 21, 2008) (Docket
19   Entry No. 12); *Nitzberg* v. *Bayer Corp.*, No. 4:07-cv-04399 (N.D. Cal. Mar. 10, 2008) (Docket
      Entry No. 46); *Bakan* v. *Bayer Corp*., No. 8:07-cv-220 (M.D. Fla. Feb 14, 2008) (Docket Entry
20   No. 32); *Burnette* v. *Bayer Corp.*, No. 7:07-cv-2238 (N.D. Ala. Feb. 13, 2008) (Docket Entry
      No. 15); *Davis* v. *Bayer Corp.*, No. 3:07-cv-00115 (M.D. Tenn. Feb. 8, 2008) (Docket Entry No.
21   101); *Durkin* v. *Bayer Corp.*, No. 1:07-cv-7162 (N.D. Ill. Feb. 6, 2008) (Docket Entry Nos. 19
      and 20); *Fast* v. *Bayer Corp.*, No. 5:07-cv-00082 (N.D. W. Va. Feb. 19, 2008) (Docket Entry
22   No. 41); *Lanham* v. *Bayer Corp.*, No. 4:07-cv-1687 (S.D. Tex. Feb. 5, 2008) (Docket Entry No.
      62); *Morrill* v. *Bayer Pharmaceuticals Corp.*, No. 8:07-cv-819-T-27 (M.D. Fla. Feb. 14, 2008)
23   (Docket Entry No. 53); *O'Connor* v.  *Bayer Corp.,* No. 3:07-cv-0633 (S.D. Cal. Feb. 14, 2008)
      (Docket Entry No. 40); *Pesl* v. *Bayer Corp.*, No. 4:07-cv-02819 (S.D. Tex. Feb. 5, 2008)
24   (Docket Entry No. 21); *Sessums* v. *Bayer Corp.*, No. 3:07-cv-00436 (S.D. Miss. Mar. 20, 2008)
      (Docket Entry No. 34); *Ware* v. *Bayer Corp.*, No. 5:07-cv-1305 (C.D. Cal. Feb. 13, 2008)
25   (Docket Entry No. 14); *Wease* v. *Bayer Corp.*, No. 1:07-cv-1659 (N.D. Ga. Feb. 15, 2008)
26   (Docket Entry No. 44); and *Williams* v. *Bayer Corp.*, No. 1:07-cv-0004 (M.D. Tenn. Feb. 15,
27   2008) (administrative closure, Docket Entry No. 75).

28
                                              3

1  is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its

2  pretrial procedures will be wasted").

3  **II.    A STAY WOULD AVOID THE RISK OF UNDUE PREJUDICE TO DEFENDANT.**

4

5          An equally important consideration supporting a stay is the risk of undue

6  prejudice to defendant.  A defendant litigating related cases in multiple venues will be required

7  to address similar issues and respond to similar discovery requests repeatedly.  *See American*

8  *Seafood* v. *Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D.

9  Pa. May 7, 1992).  Voluntary coordination among counsel can alleviate this burden to some

10 degree, but the prospects for successful and uniform collaboration recede as the number of

11 actions increases.  *See Fosamax*, 444 F. Supp. 2d at 1349.  The practical solution is to stay all

12 proceedings until the actions can be consolidated in a single court, which can craft a coordinated

13 pretrial schedule.  *See id.* ("While we applaud every cooperative effort undertaken by parties to

14 any litigation, transfer under Section 1407 will offer the benefit of placing all actions in this

15 docket before a single judge who can structure pretrial proceedings to consider all parties'

16 legitimate discovery needs, in addition to ensuring that common parties and witnesses are not

17 subjected to discovery demands that duplicate activity that will occur or has already occurred in

18 other actions."); *American Seafood*, 1992 WL 102762, at *2 ("The duplicative motion practice

19 and discovery proceedings demonstrate that judicial economy and prejudice to the defendants

20 weigh heavily in favor of [a] stay.").

21          As additional scheduling orders are entered and as additional Trasylol® cases are

22 filed,[3] the risk increases that the parties will be unable to coordinate pretrial schedules and that

23 defendant will be exposed to conflicting discovery obligations and deadlines – one of the

24 principal reasons why defendant have moved to establish a Trasylol® MDL.

25

26

27 [3]  Since January 14, 2008, 16 new Trasylol® cases have been filed in or removed to eight federal district courts.

28

4

1    This problem will become more acute once depositions commence.  Preparing

2    and producing a corporate official or employee for a deposition entails significant costs,

3    including a substantial loss of time and productivity.  One of the advantages of an MDL

4    proceeding is that the MDL judge can implement a coordinated deposition program applicable to

5    even the most recently filed Trasylol® cases, thereby minimizing the number of depositions that

6    any one corporate official or employee is required to give.  This advantage potentially is

7    undermined if depositions begin in individual Trasylol® cases before the MDL judge has an

8    opportunity to implement a coordinated deposition program.

9    **III.    A STAY WOULD NOT PREJUDICE PLAINTIFF.**

10    A stay of these proceedings will not prejudice plaintiff.  The stay will be in effect

11    only until the Panel transfers this case to the MDL; there will be no long-term delay in the

12    litigation.  *See Republic of Venezuela*, 1999 WL 33911677 at *2; *American Seafood*, 1992 WL

13    102762 at *2.  Depositions have not yet started, and defendant anticipates that this stay would

14    defer the start of depositions for just a few months.  This very modest delay in the start of

15    depositions is more than justified by the substantial savings in time and costs that will be

16    achieved by having a coordinated deposition program.  As one district court noted, while there

17    may be "some initial delay, once the cases are coordinated and the defendants are able to respond

18    to all the complaints in a coordinated manner, more time may well be saved than was lost."

19    *Rosenfeld* v. *Hartford Fire Ins. Co.*, Nos. 88-2153, 88-2252, 1988 WL 49065, at *2 (S.D.N.Y.

20    May 12, 1988); *see also North* v. *Merck & Co.*, No. 05-CV-6475L, 2005 WL 2921638, at *2

21    (W.D.N.Y. Nov. 4, 2005) (granting motion to stay and noting that risk of hardship to defendant

22    of engaging in duplicative motions practice and discovery outweighed any possible prejudice to

23    plaintiff); *Arthur-Magna, Inc.* v. *Del-Val Fin. Corp.*, Civ. A. No. 90-4378, 1991 WL 13725, at

24    *1 (D.N.J. Feb. 4, 1991) ("even if a temporary stay can be characterized as a delay prejudicial to

25    plaintiff, there are considerations of judicial economy and hardship to defendants that are

26    compelling enough to warrant such a delay").

27

28

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Court enter an order staying all proceedings in this case until the Judicial Panel on Multidistrict Litigation transfers this action to the Trasylol MDL for consolidated and coordinated pretrial proceedings.[4]

Dated:  April  14, 2008                          SIDLEY AUSTIN LLP


                                           By: /s/ *Catherine Valerio Barrad*
                                               Catherine Valerio Barrad
                                               Attorneys for Defendant
                                               Bayer Corporation

---

[4]   The requested stay would extend to all obligations under Federal Rules of Civil Procedure 16 and 26, and under any other provisions or orders governing pretrial or trial proceedings in this case.

6

**DEFENDANT'S  MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS**
**Case No. 3:08-cv-01655 SI**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**Apr 07, 2008**

FILED
CLERK'S OFFICE

**IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION**

MDL No. 1928

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Connecticut or, as stated by counsel at oral argument, the Northern District of Georgia.  Plaintiffs in six actions and two potential tag-along actions support centralization and variously prefer selection of one or more of the following districts as the transferee district: the Northern District of California, the Middle District of Florida,  the Southern District of Florida, the Northern District of  Georgia, or the Southern District of Ohio.  Plaintiffs in four actions and a potential tag-along action oppose centralization.  In addition to the previously-mentioned districts, these plaintiffs alternatively support centralization in the Northern District of Illinois.

This litigation currently consists of eighteen actions listed on Schedule A and pending in fourteen districts as follows: two actions each in the Northern District of California, the Middle District of Florida, the Middle District of Tennessee, and the Southern District of Texas; and an action each in the Northern District of Alabama, the Central District of California, the Southern District of California, the Southern District of Florida, the Middle District of Georgia, the Northern District of Georgia, the Northern District of Illinois, the Western District of Louisiana, the Southern District of Mississippi, and the Northern District of West Virginia.[2]

On the basis of the papers filed and hearing session held, we find that these eighteen actions involve common questions of fact, and that centralization under Section 1407 in the Southern

---

[*] Judge Scirica did not participate in the disposition of this matter.

[1] Bayer Corp.; Bayer Healthcare Pharmaceuticals, Inc.; Bayer Healthcare, LLC; Bayer AG; and Bayer Healthcare AG (collectively Bayer).

[2] In addition to the eighteen actions now before the Panel, the parties have notified the Panel of fourteen related actions pending in various districts across the country.  These actions and any other related actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions regarding the safety profile of the drug Trayslol, which is used to reduce blood loss in patients during coronary artery bypass graft surgery, and the warnings given by Bayer about the drug.  Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

For this litigation that is nationwide in scope, the parties have proposed several forums, any number of which could suitably serve as the transferee district.  After careful consideration, we are persuaded that the Southern District of Florida is an appropriate transferee forum. The Southern District of Florida, where a constituent action is pending, currently has a relatively low number of MDL dockets and offers an accessible metropolitan location.  Further, by centralizing this litigation before Judge Donald M. Middlebrooks, we are assigning this litigation to a jurist who has the experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Donald M. Middlebrooks for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

**IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION**
                                                              MDL No. 1928

## SCHEDULE A

<u>Northern District of Alabama</u>

Bobbie S. Burnette, etc. v. Bayer Corp., et al., C.A. No. 7:07-2238

<u>Central District of California</u>

Sheila Ware v. Bayer Corp., et al., C.A. No. 5:07-1305

<u>Northern District of California</u>

Samuel Nitzberg, et al. v. Bayer Corp., C.A. No. 4:07-4399
Lupe De Leon, et al. v. Bayer Pharmaceuticals Corp., C.A. No. 4:07-6206

<u>Southern District of California</u>

Michael O'Connor v. Bayer Corp., et al., C.A. No. 3:07-633

<u>Middle District of Florida</u>

Deborah Bakan, etc. v. Bayer Corp., et al., C.A. No. 8:07-220
Melissa Morrill, etc. v. Bayer Pharmaceuticals Corp., et al., C.A. No. 8:07-819

<u>Southern District of Florida</u>

Ismael Rodriguez, et al. v. Bayer Corp., et al., C.A. No. 9:07-81172

<u>Middle District of Georgia</u>

Sherry L. Shaw, etc. v. Bayer Healthcare, et al., C.A. No. 4:07-176

<u>Northern District of Georgia</u>

David E. Wease, et al. v. Bayer Corp., et al., C.A. No. 1:07-1659

- A2 -

**MDL No. 1928 Schedule A (Continued)**

<u>Northern District of Illinois</u>

Thomas W. Durkin, etc. v. Bayer Corp., et al., C.A. No. 1:07-7162

<u>Western District of Louisiana</u>

Evelyn Moreaux Reider, et al. v. Bayer Corp., et al., C.A. No. 2:07-1688

<u>Southern District of Mississippi</u>

Jonnie Sessums, etc. v. Bayer AG, et al., C.A. No. 3:07-436

<u>Middle District of Tennessee</u>

Ada M. Williams v. Bayer Corp., et al., C.A. No. 1:07-4
Linda L. Davis v. Bayer Corp., et al., C.A. No. 3:07-115

<u>Southern District of Texas</u>

Kenneth L. Lanham v. Bayer Corp., et al., C.A. No. 4:07-1687
Vance Pesl, etc. v. Bayer Corp., et al., C.A. No. 4:07-2819

<u>Northern District of West Virginia</u>

Crystal Fast, etc. v. Bayer Corp., et al., C.A. No. 5:07-82

1  Catherine Valerio Barrad (SBN 168897)
   cbarrad@sidley.com
2  Christine Kim Son (SBN 223190)
   cson@sidley.com
3  J. P. Pecht (SBN 233708)
   jpecht@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California  90013-1010
   Telephone: (213) 896-6000
6  Facsimile: (213) 896-6600

7
   Attorneys For Defendant
8  Bayer Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE DIANE COLLINS, as surviving statutory beneficiary for the wrongful death of FLOYD COLLINS,<br><br>            Plaintiff,<br><br>      v.<br><br>BAYER CORPORATION, a Pennsylvania corporation, aka, BAYER HEALTHCARE and BAYER AG; and MCKESSON CORPORATION, a Delaware corporation; JOHN DOES 1-100 and ABC CORPORATIONS 1-100,<br><br>            Defendants. | Case No. 3:08-cv-01655 SI<br><br>Assigned to: Honorable Susan Illston<br><br>**JOINT STIPULATION TO STAY PROCEEDINGS PURSUANT TO LOCAL RULE 7-12**<br><br>DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PURSUANT TO LOCAL RULE 7-11 FILED CONCURRENTLY<br><br>STIPULATED [PROPOSED] ORDER LODGED CONCURRENTLY |

1    Plaintiff and Defendant Bayer Corporation hereby submit this joint stipulation to

2    stay proceedings until the Judicial Panel on Multidistrict Litigation transfers this case to MDL

3    No. 1928 for consolidated and coordinated pretrial proceedings.  The requested stay would

4    extend to all deadlines and discovery obligations under Federal Rules of Civil Procedure 16, 26,

5    33, and 34, and under any other provisions or orders governing pretrial or trial proceedings in

6    this case.  Plaintiff will not file a motion to remand this action to state court.

7    Dated:  April 14, 2008                              SIDLEY AUSTIN LLP

8

9

10                                                          By:  _/s/ Catherine Valerio Barrad_

11                                                               Catherine Valerio Barrad
                                                                 Christine Son

12                                                               Attorneys for Defendants Bayer Corporation

13

14    Dated:  April 14, 2008                              PHILLIPS & ASSOCIATES

15

16

17                                                          By:  _/s/ Lowell W. Finson_

18                                                               Robert F. Clarke
                                                                 Lowell W. Finson

19                                                               Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION TO STAY**
**Case No. 3:08-cv-01655 SI**

1    Catherine Valerio Barrad (SBN 168897)
     cbarrad@sidley.com
2    Christine Kim Son (SBN 223190)
     cson@sidley.com
3    J. P. Pecht (SBN 233708)
     jpecht@sidley.com
4    SIDLEY AUSTIN LLP
     555 West Fifth Street, Suite 4000
5    Los Angeles, California  90013-1010
     Telephone: (213) 896-6000
6    Facsimile: (213) 896-6600

7

8    Attorneys For Defendant
     Bayer Corporation

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE DIANE COLLINS, as surviving statutory beneficiary for the wrongful death of FLOYD COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> BAYER CORPORATION, a Pennsylvania corporation, aka, BAYER HEALTHCARE and BAYER AG; and MCKESSON CORPORATION, a Delaware corporation; JOHN DOES 1-100 and ABC CORPORATIONS 1-100, <br><br> Defendants. | Case No. 3:08-cv-01655 SI <br><br> Assigned to: Honorable Susan Illston <br><br> **STIPULATED [PROPOSED] ORDER RE DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PURSUANT TO LOCAL RULE 7-11** |

1    Upon consideration of the Defendant's Unopposed Motion for Administrative

2  Relief To Stay Proceedings Pending Transfer To Multidistrict Litigation Pursuant To Local Rule

3  7-11 and the parties' related Stipulation:

4    **IT IS HEREBY ORDERED** that all deadlines and proceedings are STAYED in

5  the above-captioned case pending transfer of this case by  the Judicial Panel on Multidistrict

6  Litigation to MDL No. 1928, *In re Trasylol Products Liability Litigation*.

7    PURSUANT TO STIPULATION, IT IS SO ORDERED.

8    This _____ day of April, 2008.

9

10

11    _____
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28